T.C. Memo. 2003-107

UNITED STATES TAX COURT

ANDY HROMIKO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15437-02L.                    Filed April 17, 2003.

Andy Hromiko, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before us on respondent's motion
for summary judgment under Rule 121.[1]  Respondent contends that
there is no dispute as to any material fact with respect to this
levy action and that respondent's determination to proceed with

_____

[1] Unless otherwise noted, all Rule references are to the Tax
Court Rules of Practice and Procedure, and all section references
are to the Internal Revenue Code as amended.

the proposed levy should be sustained as a matter of law.  For
reasons set forth below, we shall grant respondent's motion.

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be
granted with respect to all or any part of the legal issues in
controversy "if the pleadings, answers to interrogatories,
depositions, admissions, and any other acceptable materials,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that a decision may be
rendered as a matter of law."  Rule 121(a) and (b); Sundstrand
Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965
(7th Cir. 1994).  The moving party bears the burden of proving
that there is no genuine issue of material fact, and factual
inferences are drawn in a manner most favorable to the party
opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C.
812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344
(1982).

### Background[2]

At the time of filing the petition in the instant case,
petitioner resided in Roseville, California.

---

[2] The facts hereinafter are established in the record and/or
undisputed.

On June 7, 2001, we issued an opinion in <u>MatrixInfoSys Trust</u> <u>v. Commissioner</u>, T.C. Memo. 2001-133, in which we sustained income tax deficiencies and additions to tax against petitioner as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1994 | $20,340 | $5,085 | $1,055 |
| 1995 | 20,176 | 5,044 | 1,094 |
| 1996 | 19,447 | 4,862 | 1,035 |
| 1997 | 18,366 | 4,592 | 983 |

In addition, we imposed a penalty under section 6673(a)(1) of $12,500. All of these amounts shall hereinafter be collectively referred to as the "unpaid liability". Decision was entered in <u>MatrixInfoSys Trust</u> on July 9, 2001. Petitioner subsequently appealed the decision to the Court of Appeals for the Ninth Circuit. Petitioner did not file a bond with this Court at the time he filed his Notice of Appeal in that case.

Respondent assessed the unpaid liability plus interest and mailed Statutory Notices of Balance Due with regard thereto on February 25, 2002. On or about June 6, 2002, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the unpaid liability.

Petitioner timely requested a hearing under section 6330(b). In his request, petitioner asserted that respondent's collection actions were premature, given that an appeal in <u>MatrixInfoSys</u>

Trust was pending before the Court of Appeals for the Ninth
Circuit.

A face-to-face meeting was held between petitioner and an
Appeals officer of respondent on August 16, 2002.  On August 30,
2002, respondent issued to petitioner a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination).  The notice of determination states:

> He [petitioner] wanted to see the physical documents
> that created the assessments.  I told him that I had
> ordered a form 4340, Certificate of Official Record.
> This is sufficient proof for the Courts to show the
> assessment was properly made.  Once this is received, I
> will mail him a copy and keep the originals in the file
> for the case record.
>
> Was the action legally and procedurally correct?
>
> I have reviewed the administrative file and the
> transcripts of the liability and determined that the
> proposed levy was legally and procedurally correct.

The Appeals officer also concluded that respondent was not
barred from collecting prior to the disposition of petitioner's
appeal because petitioner had not filed a bond as required by
section 7485(a).

Petitioner filed a timely petition for review of
respondent's determination.  The only issue raised in the
original petition was that collection was inappropriate because
petitioner had filed an appeal with respect to the underlying tax
liability that was pending before the Court of Appeals for the

- 5 -

Ninth Circuit.  Petitioner subsequently amended the petition to allege that the Appeals officer had failed, as required by section 6330(c)(1), to verify that all applicable laws and administrative procedures had been met; in particular, petitioner alleged that the liabilities had not been properly assessed and that he had not received notice of the assessments as required by section 6303.

Subsequent to the filing of respondent's motion for summary judgment and petitioner's response, the Court of Appeals on February 14, 2003, affirmed our opinion in MatrixInfoSys Trust v. Commissioner, supra, sustaining the underlying tax liabilities that are the subject of this collection action, and entered judgment.  Hromiko v. Commissioner, 56 Fed. Appx. 359 (9th Cir. 2003).

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand, the Secretary may collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Secretary cannot proceed with collection by levy on any property of any person until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). Where the underlying tax liability is not at issue, the Court will review the Appeals officer's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

In the instant case, the unpaid liability was redetermined by this Court after petitioner received a notice of deficiency with respect thereto. Therefore, the existence or amount of the underlying tax liability is not at issue, and we need only decide whether the Appeals officer abused his discretion in determining that collection may proceed.

A. Verification Requirement

Petitioner contends that the Appeals officer failed to satisfy section 6330(c)(1), which requires the Appeals officer to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Specifically, petitioner alleges that respondent failed to verify that the unpaid liability was properly assessed or that

petitioner received notice of the assessment as required by section 6303.

Petitioner argues that the notice of determination on its face reveals that the verification requirement of section 6330(c)(1) was not met.  The notice of determination indicates that Forms 4340 for the years at issue were not in the possession of the Appeals officer during the face-to-face meeting with petitioner.  However, the notice further states that the Appeals officer "reviewed the administrative file and the transcripts of the liability" in determining whether the proposed levy was "legally and procedurally correct".

To the extent the notice of determination may leave any ambiguity concerning the documentation used by the Appeals officer to comply with section 6330(c)(1), we are nonetheless satisfied, based on our review of the certified copies of the Forms 4340 submitted by respondent in support of his motion, that the requirements of applicable law or administrative procedure have been met with respect to the amounts that respondent seeks to collect herein.  Section 6330(c)(1) does not require the Appeals officer to rely upon a particular document (e.g., a Form 4340 rather than transcripts of account) in order to satisfy the verification requirement.  Craig v. Commissioner, 119 T.C. 252, 261-262 (2002).  The Forms 4340 in the record indicate that assessments of the unpaid liability were made on February 25,

2002, and that statutory notices of balance due were mailed to petitioner on that date.  Absent some showing of irregularity in the Forms 4340, which petitioner has not alleged, those records serve as presumptive evidence that the tax was validly assessed, see Davis v. Commissioner, supra at 40-41, and that notice and demand pursuant to section 6303(a) was mailed to petitioner, see Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989); Craig v. Commissioner, supra at 262-263.  Since the evidence in the record demonstrates fulfilment of the requirements of applicable law and administrative procedure that petitioner contends were not satisfied, petitioner's allegations concerning the verification requirement of section 6330(c)(1) are no bar to summary judgment.

B.  Collection Where Appeal Pending

The remaining issue raised by petitioner concerns the appropriateness of collection action where the underlying tax liability is the subject of a pending appeal.  Petitioner argues that respondent should not pursue collection while the appeal of MatrixInfoSys Trust v. Commissioner, supra, is pending.[3]

---

[3] As noted earlier, on Feb. 14, 2003, the Court of Appeals for the Ninth Circuit in Hromiko v. Commissioner, 56 Fed. Appx. 359 (9th Cir. 2003), affirmed our opinion in MatrixInfoSys Trust v. Commissioner, T.C. Memo. 2001-133, which sustained the underlying tax liabilities that are the subject of the instant collection action.  As petitioner's right to further review in the deficiency proceeding may not be exhausted, we address his contentions on the merits.

Petitioner further contends that respondent generally does not undertake collection actions while appeals of the underlying tax liability are pending and that respondent's doing so in the instant case violates his right to due process and equal protection.

Petitioner's argument has no merit.  Section 7485(a)(1) specifically provides that review of a decision of the Tax Court by a U.S. Court of Appeals shall not operate as a stay of collection of any deficiency determined by the Tax Court unless the taxpayer files a bond with the Tax Court on or before the time his notice of appeal is filed.  Petitioner concedes that he posted no bond.  Accordingly, it was not an abuse of discretion for the Appeals officer to conclude that respondent could proceed with collection actions notwithstanding the appeal.[4]

C.  Conclusion

For the reasons discussed above, we conclude that all arguments raised by petitioner against respondent's determination to proceed with collection lack merit.  Accordingly, we hold that respondent did not abuse his discretion and may proceed with the collection actions that were the subject of the notice in Letter

---

[4] Petitioner's contentions based on his rights to due process or equal protection hardly merit comment.  Suffice it to say that the instant proceeding pursuant to sec. 6330 accords petitioner his rights under the Fifth Amendment; he has obtained review of the proposed levy both by an Appeals officer and this Court.

1058 covering taxable years 1994 through 1997.  To reflect the foregoing,

An appropriate order and

decision will be entered.
