T.C. Memo. 2004-120

UNITED STATES TAX COURT

JAMES L. JENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10576-02L.              Filed May 17, 2004.

James L. Jensen, pro se.

<u>Stephen P. Baker</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673[1] (motion for summary judgment) and

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

petitioner's motion to strike respondent's motion for summary judgment (motion to strike).

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Background

Petitioner is a commercial fisherman. At the time he filed the petition, petitioner resided in Cordova, Alaska.

On or about April 15, 1995, respondent received from petitioner his joint Federal income tax return for 1994. Petitioner listed his income tax liability as $147. This liability was attributable to petitioner's two children, whose income tax liability petitioner elected to report on his return on Form 8814, Parents' Election to Report Child's Interest and Dividends. Petitioner reported zero taxable income and no tax due for himself.

On or about August 26, 1996, respondent received from petitioner his joint Federal income tax return for 1995. Petitioner reported negative taxable income and no tax due.

On or about April 15, 1997, respondent received from petitioner his joint Federal income tax return for 1996. Petitioner listed his income tax liability as $4,040. This liability was attributable to one of petitioner's children ($73 reported on Form 8814), whose income tax liability petitioner elected to report on petitioner's return, and to self-employment tax ($3,967). Petitioner reported zero taxable income.

On or about April 15, 1998, respondent received from petitioner his joint Federal income tax return for 1997. Petitioner listed his income tax liability as $8,121. This liability was attributable to one of petitioner's children ($98 reported on Form 8814), whose income tax liability petitioner elected to report on petitioner's return, and to self-employment tax ($8,023). Petitioner reported zero taxable income.

On June 3, 1999, respondent sent petitioner a statutory notice of deficiency for 1994. Respondent determined a $5,387 deficiency and a $1,077.40 penalty pursuant to section 6662(a) for 1994. Petitioner received this notice of deficiency and responded to it with a 15-page letter containing frivolous and groundless arguments.

On August 10, 1999, respondent sent petitioner a statutory notice of deficiency for 1995. Respondent determined a $97,021 deficiency, a $4,851 penalty pursuant to section 6651(a)(1), and a $19,404 penalty pursuant to section 6662(a) for 1995. Petitioner received this notice of deficiency and responded to it with a 15-page letter containing frivolous and groundless arguments.

On December 2, 1999, respondent sent petitioner a letter advising him that his tax returns for 1996 and 1997 were under examination. On December 12, 1999, petitioner responded with a two-page letter containing frivolous and groundless arguments.

On April 4, 2000, respondent sent petitioner a statutory notice of deficiency for 1996 and 1997. Respondent determined an $8,338 deficiency and a $1,667.60 penalty pursuant to section 6662(a) for 1996 and a $9,317 deficiency and a $1,863.40 penalty pursuant to section 6662(a) for 1997. This notice of deficiency was sent via certified mail to petitioner's last known address-- which also is the address petitioner used in the petition and the amended petition. This notice of deficiency was not returned as undeliverable.

Petitioner did not petition the Court for redetermination of the deficiencies or penalties with respect to 1994, 1995, 1996, or 1997. Respondent assessed petitioner's tax liability, along with penalties and interest, as follows:

| Year | Assessment Date |
|------|-----------------|
| 1994 | Oct. 18, 1999 |
| 1995 | Dec. 27, 1999 |
| 1996 | Aug. 28, 2000 |
| 1997 | Sept. 4, 2000 |

Respondent sent petitioner notices and demand for payment of the assessments as follows:  In October 1999 for 1994, in December 1999 and February 2000 for 1995, in August and September 2000 for 1996, and in September 2000 for 1997.  Petitioner responded to the requests for payment for 1994 and 1997 with several 15-page letters containing frivolous and groundless arguments.

On or about December 28, 2000, respondent filed a notice of Federal tax lien regarding petitioner's income tax liabilities for 1994, 1995, 1996, and 1997 with the Recording District of Cordova, Anchorage, Alaska (tax lien).  The tax lien listed $9,523.39 owed for 1994, $164,595.94 owed for 1995, $13,249.99 owed for 1996, and $13,659.98 owed for 1997.

On January 3, 2001, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding his income tax liabilities for 1994, 1995, 1996, and 1997 (hearing notice).  Attached to the hearing notice was a copy of the tax lien.

On January 31, 2001, in response to the hearing notice, petitioner submitted a 15-page letter containing frivolous and groundless arguments.  Petitioner did not file a Form 12153,

Request for a Collection Due Process Hearing; however, respondent treated petitioner's January 31, 2001, letter as the equivalent of a Form 12153--i.e., as a request for a section 6330 hearing.

On February 26, 2001, respondent sent petitioner a letter notifying him that his case had been assigned to an Appeals officer.

On March 8, 2001, petitioner responded to respondent's February 26, 2001, letter with frivolous and groundless arguments.

On April 2, 2002, Appeals Officer Donna Chilton invited petitioner to attend a section 6330 hearing with her at 10 a.m. on April 24, 2002, in Anchorage, Alaska.

On April 15, 2002, petitioner wrote to Ms. Chilton to advise her that April 24, 2002, was not a convenient time and that he was seeking an attorney to represent him. Petitioner requested that the hearing be held during the week of May 19, 2002, as he would be in Anchorage, Alaska, during that time. Ms. Chilton rescheduled petitioner's hearing, on the basis of his request, for May 21, 2002.

On May 14, 2002, petitioner sent Ms. Chilton a letter in lieu of a face-to-face hearing. Regarding 1994 and 1996, petitioner argued that the assessments were barred by the period of limitations. Regarding 1995 and 1997, petitioner claimed he did not receive any "notices of assessment" for 1995 and 1997 and

complained that the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, did not list the amounts demanded next to the entries listing demand for payment.[2]

On May 16, 2002, Ms. Chilton responded to petitioner's May 14, 2002, letter.  Ms. Chilton addressed each of petitioner's claims and attached documents to support her conclusions.

On May 30, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding his 1994, 1995, 1996, and 1997 tax years (notice of determination).  In the notice of determination, respondent determined that the tax lien should remain in place.

On June 17, 2002, petitioner timely filed an imperfect petition for lien or levy action under section 6320(c) or 6330(d) seeking review of respondent's determination to proceed with collection of petitioner's 1994, 1995, 1996, and 1997 tax liabilities.

On June 20, 2002, the Court ordered that on or before July 18, 2002, petitioner file a proper amended petition and pay the filing fee.

---

[2]  A request for payment for 1997 that petitioner received and responded to with frivolous and groundless arguments, specifically lists the amount owed as $17,384.38.  A notice for 1994 that petitioner received and responded to with frivolous and groundless arguments, specifically lists the amount owed as $9,567.31.

On June 24, 2002, petitioner sent Ms. Chilton two letters in response to the notice of determination. In these letters, petitioner raised frivolous and groundless arguments.

On July 1, 2002, petitioner filed an amended petition for lien or levy action under section 6320(c) or 6330(d) seeking review of respondent's determination to proceed with collection of petitioner's 1994, 1995, 1996, and 1997 tax liabilities.

On January 16, 2003, petitioner was served with the Court's notice setting case for trial and standing pretrial order setting the case for trial during the Court's 2-week session in Anchorage, Alaska, beginning on June 16, 2003. The Court advised petitioner that he needed to be ready and available during this 2-week period to try his case.

On April 22, 2003, petitioner filed a motion to dismiss (motion to dismiss). In the motion to dismiss, petitioner stated that the parties were in negotiations to settle the case.

On May 1, 2003, the Court ordered respondent to file a response to petitioner's motion to dismiss on or before May 15, 2003.

On May 15, 2003, respondent filed a response to petitioner's motion to dismiss. Respondent stated that he had made a diligent inquiry and found that no negotiations were currently in progress with petitioner. Respondent further stated that he intended to

file a motion for summary judgment and would be requesting a penalty pursuant to section 6673.

On May 21, 2003, the Court denied petitioner's motion to dismiss. That same day, respondent filed a motion for summary judgment and to impose a penalty under section 6673 (motion for summary judgment). Attached as exhibits to the motion for summary judgment, among other things, were Forms 4340, dated June 19, 2001, and computer-generated transcripts (TXMODA), dated June 14, 2001, for petitioner's 1994, 1995, 1996, and 1997 tax years.

On May 22, 2003, the Court ordered petitioner to file a response to respondent's motion for summary judgment on or before June 5, 2003, and calendared the motion for hearing at the trial session of the Court commencing on June 16, 2003.

After receiving a call from the parties that petitioner was a fisherman and it was difficult for him to get to Anchorage, Alaska, the Court calendared the hearing for a date and time certain of 9 a.m. on June 26, 2003.[3]

On June 26, 2003, at 9:30 a.m., petitioner's case was called. Petitioner failed to appear. Instead, petitioner's

---

[3] Pursuant to Fed. R. Evid. 201, we take judicial notice of the following facts: Cordova, Alaska, is approximately 125 to 145 miles from Anchorage, Alaska, "as the crow flies" and approximately 390 miles away by car.

Accordingly, because of the distance and difficulty of getting from Cordova to Anchorage, the Appeals officer, respondent, and the Court were willing to accommodate petitioner.

wife, who is not an attorney or a party to this case, "appeared" with a "special power of attorney". Petitioner's wife stated that petitioner was out on his boat fishing because it was fishing season.

After admonishing petitioner's wife regarding petitioner's failure to appear, the Court asked respondent's counsel if he was prepared to file a written motion to dismiss for lack of prosecution. Respondent's counsel answered that he was not. The Court rescheduled petitioner's case for the next day, June 27, 2003, at 10 a.m. Respondent's counsel advised the Court that he would file a motion to dismiss for lack of prosecution if petitioner did not appear at that time, and the Court stated that the motion would be granted if petitioner did not appear. The Court further stated that we would hear argument on respondent's request to impose sanctions on June 27, 2003.

That same day, respondent filed a supplemental declaration, with attached exhibits, in support of his motion for summary judgment.

On June 27, 2003, at 10:55 a.m., petitioner appeared. At this hearing, petitioner made frivolous and groundless arguments. That same day, petitioner filed a response to respondent's motion for summary judgment and imposition of a penalty that contained frivolous and groundless arguments. Petitioner also filed the motion to strike.

Discussion

    I.   <u>Determination To Proceed With Collection</u>

    Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

    Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, <u>supra</u> at 610-611; <u>Goza v. Commissioner</u>, <u>supra</u> at 182-183.

    Petitioner received the notices of deficiency for 1994 and

1995.  The notice of deficiency for 1996 and 1997 was sent via certified mail to petitioner's last known address--which also is the address petitioner used in the petition and the amended petition.  This notice of deficiency was not returned as undeliverable.  Respondent submitted a certified mailing list to confirm these facts.  Furthermore, petitioner did not claim that he did not receive the notice of deficiency for 1996 and 1997.  Accordingly, petitioner is deemed to have received this notice of deficiency.  Sego v. Commissioner, supra at 610-611.

Petitioner chose not to file a petition for redetermination in response to these notices of deficiency.  Accordingly, petitioner cannot contest the underlying deficiencies for 1994, 1995, 1996, and 1997.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra; Goza v. Commissioner, supra at 182-183.  Claims that the limitation period for assessment has expired are challenges to the underlying tax liability.  Boyd v. Commissioner, 117 T.C. 127, 130 (2001).  Therefore, petitioner cannot raise these claims in this proceeding.

Where the validity of the underlying tax liability is not properly in issue, we review the Commissioner's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610.

Petitioner's remaining argument appears to be that the verification requirement of section 6330 has not been met.  Section 6330(c)(1) does not require the Commissioner to rely on a

particular document to satisfy the verification requirement imposed therein. E.g., <u>Schnitzler v. Commissioner</u>, T.C. Memo. 2002-159 (citing five other cases to support this principle). We have repeatedly held that the Commissioner may rely on Forms 4340 or transcripts of account to satisfy the verification requirement of section 6330(c)(1). <u>Hromiko v. Commissioner</u>, T.C. Memo. 2003-107; <u>Schnitzler v. Commissioner</u>, <u>supra</u>; <u>Kaeckell v. Commissioner</u>, T.C. Memo. 2002-114; <u>Obersteller v. Commissioner</u>, T.C. Memo. 2002-106; <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88; <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87, affd. 456 Fed. Appx. 802 (9th Cir. 2003); <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003); <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340 or transcripts of account. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended

collection action, or offer alternative means of collection. These issues are now deemed conceded.  See Rule 331(b)(4).

II.  Section 6673

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

At the hearing, the Court warned petitioner that the arguments he was advancing were frivolous and groundless, that the arguments had been rejected by the U.S. Court of Appeals for the Ninth Circuit (the court to which this case is appealable), and that we believed he filed the petition to delay collection.

Our authority and willingness to impose penalties pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions are well

established.  Cf. <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).  Petitioner filed frivolous documents and motions with the Court.  Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and he has wasted the time and resources of the Court.  We are convinced that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, we shall impose a penalty of $10,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.