T.C. Memo. 2004-194

UNITED STATES TAX COURT

JAMES G. GILLIGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14693-02L.                    Filed August 30, 2004.

James G. Gilligan, pro se.

<u>Matthew A. Mendizabal</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673[1] (motion for summary judgment).

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Background

Petitioner was born in Alameda, California.  At the time he filed the petition, petitioner maintained a post office box in Campbell, California.  Petitioner claims he was homeless during this time and lived with friends in California, Nevada, and Oregon.

For 1992, petitioner initially filed a Form 1040, U.S. Individual Income Tax Return, and reported a tax liability of $4,412.[2]  Petitioner did not remit payment with his return.  On December 6, 1993, the Internal Revenue Service (IRS) assessed this amount.  The IRS sent notice and demand for payment letters to petitioner on May 2, 1994, and December 2, 1996.  On or about August 20, 1997, petitioner submitted a Form 1040NR, U.S. Nonresident Alien Income Tax Return, for 1992 and reported a tax liability of "N/A".

For 1993, petitioner initially filed a Form 1040 and reported a tax liability of $2,254.  Petitioner did not remit payment with his return.  On November 28, 1994, the IRS assessed this amount.  The IRS sent notice and demand for payment letters to petitioner on November 28, 1994, and December 2, 1996.  On or about August 20, 1997, petitioner submitted a Form 1040NR for 1993 and reported a tax liability of "N/A".

On or about August 20, 1997, petitioner filed a Form 1040NR

---

[2]  All amounts are rounded to the nearest dollar.

for 1994 and reported a tax liability of "N/A". On May 26, 1998, the IRS issued petitioner a notice of deficiency for 1994. Petitioner failed to file a petition with the Court. On November 23, 1998, the IRS assessed a tax of $141. The IRS sent notice and demand for payment letters to petitioner on November 23, and December 14, 1998.

On or about August 20, 1997, petitioner filed a Form 1040NR for 1996 and reported a tax liability of "N/A". On August 11, 1998, the IRS issued petitioner a notice of deficiency for 1996. Petitioner failed to file a petition with the Court. On February 8, 1999, the IRS assessed a tax of $574. The IRS sent notice and demand for payment letters to petitioner on February 8 and March 1, 1999.

Petitioner made various alterations to the Forms 1040NR for 1992, 1993, 1994, and 1996. Petitioner crossed out "Income Tax" on the title. For "country" he wrote "USA National, aka natural born free Citizen Constitutionally, California/Republic". Petitioner wrote "N/A" on various lines of the forms requiring information about himself and his income. Petitioner altered the jurat on the forms before signing them. Under the box "Your occupation in the United States" petitioner wrote "none" and made various references to the United States Constitution. At the bottom of the form, he typed "With expressed reservations of my Unalienable Rights, of my Constitutional Privileges and

Immunities (at 4:2:1), and the lesser UCC/Uniform Commercial Code (at §1.207) 'with reservation of all our rights', <u>for the Record!</u>".

On December 17, 2001, the IRS sent petitioner a "Final notice--notice of intent to levy and notice of your right to a hearing" for 1992, 1993, 1994, and 1996. On January 8, 2002, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, with an 11-page attachment asserting frivolous and meritless arguments.

On July 10, 2002, Appeals Officer Eric Johansen conducted a section 6330 hearing (hearing) in person with petitioner. Petitioner requested that the hearing be tape recorded; however, the Appeals officer advised petitioner that the hearing could not be tape recorded. At the hearing, petitioner did not raise any spousal defenses. He did not propose any collection alternatives. Petitioner refused to sign a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, despite his contentions that he was unemployed and had no money to pay the tax liability.

On August 15, 2002, the IRS issued petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) to proceed with collection.

On September 13, 2003, petitioner filed a petition with the

Court. In the petition, petitioner advances frivolous and meritless arguments.

On March 29, 2004, respondent filed a motion for summary judgment and to impose a penalty under section 6673. On April 20, 2004, petitioner filed a lengthy opposition to respondent's motion containing frivolous and meritless arguments. On May 18, 2004, petitioner filed an amended affidavit in support of his opposition to respondent's motion for summary judgment containing frivolous and meritless arguments. Also on May 18, 2004, the Court heard oral argument on respondent's motion.

At the oral argument, petitioner lost his temper and became belligerent. Indeed, the Court repeatedly told petitioner to "calm down" and warned petitioner that he would be held in contempt of court if he had further outbursts. Petitioner refused to answer the Court's questions. Petitioner was disruptive, noncooperative, and interrupted the Court and respondent throughout the entire proceeding.

Discussion

A. Motions for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be rendered as a matter of law. Rule

121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

B.    <u>Section 6330</u>

Section 6330 provides that the Secretary shall furnish the person described in section 6331 with written notice (i.e., the hearing notice) before a levy on any property or right to property.  Sec. 6330(a).  Section 6330 further provides that within a 30-day period the taxpayer may request administrative review of the matter (in the form of a hearing).  The hearing generally shall be conducted consistent with the procedures set forth in section 6330(b) and (c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180 (2000).  If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the

underlying tax liability. Sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, <u>supra</u> at 610-611; <u>Goza v. Commissioner</u>, <u>supra</u> at 182-183.

1. <u>1992 and 1993</u>

Our jurisdiction under section 6330(d) allows us in a lien or levy proceeding to redetermine an underlying tax liability that is entirely self-assessed, although the liability is not a deficiency. <u>Montgomery v. Commissioner</u>, 122 T.C. 1 (2004). Section 6330(c)(2) provides that a taxpayer may raise any "relevant" issue at the collection hearing. Petitioner made only groundless and frivolous arguments.

Petitioner's challenge to the existence of his tax liability is meritless. The tax assessments generating the levy for 1992 and 1993 are based on the tax shown on returns petitioner filed under penalties of perjury. See sec. 6201(a)(1).

Petitioner questioned the validity of those liabilities during his hearing. Petitioner advanced frivolous arguments during this hearing. Petitioner continued to advance his groundless arguments in his petition, in his opposition to summary judgment, and at the hearing on the motion. Despite petitioner's assertions to the contrary, there is no genuine issue as to the existence of his 1992 and 1993 unpaid tax. And because petitioner challenged only the existence of a law requiring him to pay a Federal tax on his earnings and did not

challenge the correctness of the amounts of income which he reported on his 1992 and 1993 tax returns, there is no genuine issue as to the amounts of petitioner's underlying tax liability for 1992 and/or 1993.

Petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

### 2. 1994 and 1996

The notices of deficiency for 1994 and 1996 were sent via certified mail to petitioner's post office box, the address petitioner used on his returns and in his petition. These notices of deficiency were not returned as undeliverable. Respondent submitted a certified mailing list to confirm these facts. Accordingly, in the absence of any evidence or argument by petitioner to the contrary, petitioner is deemed to have received these notices of deficiency. Sego v. Commissioner, supra at 610-611.

Petitioner chose not to file a petition for redetermination

in response to these notices of deficiency.  Accordingly, petitioner cannot contest the underlying deficiencies for 1994 and 1996.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra; Goza v. Commissioner, supra at 182-183.  Claims that the limitation period for assessment has expired are challenges to the underlying tax liability.  Boyd v. Commissioner, 117 T.C. 127, 130 (2001).  Additionally, the assessments were timely made.  Therefore, petitioner cannot raise these claims in this proceeding.

Where the validity of the underlying tax liability is not properly in issue, we review the Commissioner's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610.

Petitioner appears to argue that the verification requirement of section 6330 has not been met.  Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  E.g., Schnitzler v. Commissioner, T.C. Memo. 2002-159 (citing five other cases to support this principle).  We have repeatedly held that the Commissioner may rely on Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, or transcripts of account to satisfy the verification requirement of section 6330(c)(1).  Hromiko v. Commissioner, T.C. Memo. 2003-107; Schnitzler v. Commissioner, supra; Kaeckell v. Commissioner, T.C. Memo. 2002-114; Obersteller v. Commissioner, T.C. Memo.

2002-106; <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88; <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87, affd. 456 Fed. Appx. 802 (9th Cir. 2003); <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003); <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.  The Appeals officer is not required to provide verification to petitioner at the hearing.  See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 167 (2002); see also <u>Holliday v. Commissioner</u>, T.C. Memo. 2004-172.

Petitioner argues that the refusal by the Appeals officer to permit petitioner to make an audio recording of the hearing was improper.  Commencing with petitioner's filing of the Forms 1040NR, petitioner has made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless.  Consequently, even though we held in <u>Keene v. Commissioner</u>, 121 T.C. 8 (2003), that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of a hearing, we conclude that (1) it is not necessary and will not be productive to remand this case for another hearing in order to allow petitioner to make such an audio recording, see <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in the notice of determination with respect to

petitioner's unpaid liability; see <u>id.</u>; see also <u>Keene v. Commissioner</u>, <u>supra</u> at 19-20; <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340 or transcripts of account.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Appeals Officer Johansen stated in an affidavit that he verified that all legal and administrative requirements for levy had been met.  He also considered whether the proposed levy balanced the need for efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Petitioner has failed to raise a triable issue of fact concerning the Appeals officer's review. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  See Rule 331(b)(4).

C.    Section 6673

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

At the hearing, the Court warned petitioner that the arguments he was advancing were frivolous and groundless, and that the arguments had been rejected by the Courts.

Our authority and willingness to impose penalties pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions are well established.  Cf. Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  Petitioner filed a frivolous petition with the Court. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and he has wasted the

time and resources of the Court.  We are convinced that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.