T.C. Memo. 2007-68

UNITED STATES TAX COURT

CHRISTINA L. BELMONT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15985-04.                    Filed March 22, 2007.

Christina L. Belmont, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2001 Federal income tax of $4,333, as well as
additions to tax under section 6651(a)(1) and (2) of $975 and
$542, respectively, and section 6654 of $171.[1]

---

[1] Unless otherwise indicated, all section references are to
                                        (continued...)

The issues for decision are: (1) Whether petitioner received but did not report income from E.J. Famiano & Associates, Inc. (Famiano), of $5,924 and from Fidelity Services Co. (Fidelity) of $18,239 during 2001; (2) whether petitioner is liable for the additional tax under section 72(t) for early distributions from a retirement plan; (3) whether petitioner is liable for additions to tax under sections 6651(a)(1)[2] and 6654; and (4) whether a section 6673(a) penalty should be imposed.[3]

## FINDINGS OF FACT

Petitioner resided in Lakewood, Ohio, at the time the petition was filed. Petitioner was born July 17, 1950.

Petitioner filed joint Federal income tax returns with her husband, Randy A. Belmont, for 1991 through 1998. The tax returns were prepared by John D. Barber, a certified public accountant. Petitioner testified that she filed a joint Federal income tax return with her husband for 1999, but the return and the identity of the preparer are not in the record. Petitioner

----

[1](...continued)
the Internal Revenue Code (Code), as amended. Amounts are rounded to the nearest dollar.

[2]Respondent has conceded the sec. 6651(a)(2) addition to tax of $542.

[3]In the notice of deficiency respondent determined that petitioner was entitled only to the standard deduction, one personal exemption, and tax rates applicable to a single individual. Petitioner did not present any evidence or make any arguments with respect to deductions, exemptions, or marital status. We conclude that she has abandoned any argument with respect to these issues.

has not filed a Federal income tax return for any tax year after 1999 through the date of trial. She has paid no Federal income tax for 2001. In August 2003, she wrote a letter to the Department of the Treasury which stated that she was not required to keep books and records and asked the Department of the Treasury to cite any statute which made her liable to pay Federal income tax. She did not receive a response.

On May 28, 2004, respondent mailed a notice of deficiency to petitioner for 2001. The notice of deficiency correctly identified petitioner's address and Social Security number. The notice of deficiency identified petitioner as Christina L. Gore, rather than Christina L. Belmont, the name she currently uses.[4]

Respondent determined, using third-party payor information, that petitioner owed $4,333 in Federal income tax on the basis of wage income of $5,924 received from Famiano and distributions of $18,239 received from a Fidelity IRA. In the notice of deficiency, respondent also determined additional tax of 10 percent for early distributions from a retirement plan pursuant to section 72(t), allowed a standard deduction, allowed one personal exemption, calculated tax using single individual rates, and asserted additions to tax pursuant to sections 6651(a)(1) and 6654 of $975 and $171, respectively.

---

[4] Petitioner used the name Gore before she was divorced in 1980.

Petitioner mailed her petition on August 25, 2004, and it was filed September 2, 2004. Trial was held on March 27, 2006.

OPINION

Petitioner admits she received the notice of deficiency and that it correctly states her Social Security number and address. Petitioner contends, however, that the notice of deficiency is invalid because it identifies her by her previous married name, Christina L. Gore, rather than her current married name of Christina L. Belmont.

The Code does not prescribe the form the notice of deficiency must take, but it must "describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." Sec. 7522. An inadequate description does not invalidate the notice. Id. We have stated: "'the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough.'" Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982) (quoting Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937)). The notice of deficiency petitioner received was sufficient to fairly advise her of the basis for the deficiency in income tax and additions to tax and the year and amounts thereof. The notice of deficiency is valid.

Petitioner admits that in 2001 she received wages of $5,924 from Famiano and distributions from Fidelity totaling $18,239 which she used to pay living expenses.

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans. Qualified retirement plans include individual retirement accounts (IRAs) as defined in section 408(a) and (b). Sec. 72(t)(1). There is no dispute that petitioner's Fidelity IRA was a "qualified retirement plan" for purposes of section 72(t).

The 10-percent additional tax does not apply to certain distributions from qualified retirement plans, including distributions made after an employee attains age 59½. Sec. 72(t)(2)(A)(i). Petitioner was born in 1950. The distribution from her IRA was made in 2001. Because petitioner had not attained the age of 59½ in the year 2001, the exception found in section 72(t)(2)(A)(i) does not apply.

Petitioner has not argued, and the record is devoid of any evidence which would indicate, that petitioner is qualified for any other exception to section 72(t)(1). For the foregoing reasons, we hold that petitioner is liable for a 10-percent additional tax on the early distribution from her Fidelity IRA.

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file an income tax return for 2001 and under section 6654(a) for failure

to make estimated tax payments for 2001. Respondent bears the burden of production with respect to petitioner's liability for the additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. Id.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that such failure is due to reasonable cause and not due to willful neglect. On cross-examination by respondent's counsel, petitioner admitted that she did not file a Federal income tax return for 2001. Respondent has met his burden of production. We find that the failure to file a Federal income tax return for 2001 was not due to reasonable cause and was due to willful neglect. Therefore, we hold that petitioner is liable for the section 6651(a)(1) addition to tax for 2001.

A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the

individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(A), (B), and (C); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006); Heers v. Commissioner, T.C. Memo. 2007-10.

Respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied by proof at trial that petitioner's Federal income tax liability is $4,333, petitioner had no withholding credits, and she made no estimated payments for 2001. Petitioner also admitted that she had not filed a Federal income tax return for 2000. Petitioner offered no evidence whatsoever to refute respondent's evidence or to establish a defense to respondent's determination that petitioner is liable for the section 6654 addition to tax. Consequently, we find that respondent's determination that petitioner is liable for the section 6654 addition to tax must be sustained.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay. Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner. However, the Court may, sua sponte, impose this penalty. Pierson v. Commissioner, 115 T.C. 576, 580 (2000);

Rewerts v. Commissioner, T.C. Memo. 2004-248; Jensen v. Commissioner, T.C. Memo. 2004-120.

Petitioner had complied with the tax laws by filing Federal income tax returns in the 1990s. When she was asked by respondent's counsel on cross-examination whether she intended to file all delinquent returns for 2000 forward, her answer was evasive. At the conclusion of the trial the Court asked whether petitioner thought she was subject to the tax laws of the United States. Petitioner responded that she did not know; that the income tax laws pertain to tobacco, firearms and liquor; and that taxes were supposed to be done by apportionment. She also testified, consistently with her August 2003 letter to the Department of the Treasury, that she wants a citation for the law which makes her liable to pay Federal income tax. Petitioner did not cooperate with respondent to prepare this case for trial.

Petitioner's actions evidence an intention to delay the proceedings, and her arguments are frivolous and without merit. It is truly unfortunate that she turned from being a taxpayer who complies with the law into a tax protester. However, petitioner was not warned until the conclusion of the trial that a penalty might be imposed under section 6673(a). For this reason only, we decline to impose a penalty under section 6673(a); but we strongly admonish petitioner that if she persists in failing to file her income tax returns and in pursuing tax-protester

arguments, we will not be so favorably inclined in the future.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.