T.C. Memo. 2004-255

UNITED STATES TAX COURT


MICHAEL E. VIEROW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19406-03L.            Filed November 8, 2004.


Michael E. Vierow, pro se.

<u>Rebecca Duewer-Grenville</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to proceed with
collection of his 1994, 1995, 1996, 1997, and 1998 tax
liabilities.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Crescent City, California.

In 2000, respondent and petitioner exchanged correspondence regarding petitioner's failure to file income tax returns and his obligation to pay income tax and file income tax returns.

On February, 23, 2001, respondent sent petitioner, via certified mail to the address where petitioner resided, a notice of deficiency for 1994, 1995, and 1996 and a notice of deficiency for 1997 and 1998.

On August 13, 2001, respondent assessed petitioner's tax liabilities for 1994, 1995, 1996, 1997, and 1998. That same day, respondent sent petitioner statutory notices of balance due for 1994, 1995, 1996, 1997, and 1998.

On September 17, 2001, respondent sent petitioner notices of balance due for 1994, 1995, 1996, 1997, and 1998.

On October 22, 2001, respondent sent petitioner statutory notices of intent to levy for 1994, 1995, 1996, 1997, and 1998.

On September 19, 2002, respondent sent petitioner via certified mail a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (hearing notice).

On October 18, 2002, petitioner filed a Form 12153, Request for a Collection Due Process Hearing, regarding his 1994, 1995, 1996, 1997, and 1998 tax years (hearing request).  Petitioner attached the hearing notice and a 12-page letter to the hearing request.  Petitioner argued that respondent failed to follow the requirements of applicable law and administrative procedure.

On February 24, 2003, respondent's San Francisco Appeals Office sent petitioner a letter stating that it had received his hearing request and explaining the hearing process.

On May 7, 2003, Appeals Officer James Chambers sent petitioner a letter requesting that petitioner contact him to schedule a section 6330 hearing (hearing).  Appeals Officer Chambers advised petitioner that the hearing could be held in person, by telephone, or by correspondence.

On May 19, 2003, petitioner sent Appeals Officer Chambers a letter requesting an in-person hearing closer to his home than San Francisco, California.  Petitioner suggested that the hearing be held at respondent's office in Eureka, California.[2]

On June 16, 2003, Appeals Officer Chambers sent petitioner a letter stating that the San Francisco Appeals Office was the closest option for an in-person hearing.  Appeals Officer Chambers again offered petitioner the option of a telephone

---

[2]  From the record, it is unclear whether respondent had an Appeals Office in Eureka, California.

hearing or to continue his hearing by correspondence. Petitioner chose to have his hearing conducted via correspondence.

As part of the hearing, Appeals Officer Chambers reviewed the administrative file, which included the notices of deficiency and Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters. Appeals Officer Chambers also reviewed a certified mail list, which was not part of the administrative file, to determine whether respondent mailed the notices of deficiency via certified mail to petitioner at his correct address.

On July 28, 2003, petitioner sent Appeals Officer Chambers a letter in which he argued that in order to meet the verification requirement of section 6330(c)(1) respondent needed to establish that respondent properly (1) issued statutory notices of deficiency for the years in issue, (2) made the assessments for the years in issue, (3) issued notices and demand for payment, (4) issued notice of intent to levy, and (5) issued notice of petitioner's right to a hearing. Petitioner also claimed he had not received any "assessment notices" from respondent for the years in issue.

On October 8, 2003, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for the years in issue. Appeals Officer Chambers determined that the requirements of

applicable law and administrative procedure had been met and that collection could proceed.

OPINION

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). When the Commissioner issues a determination regarding a disputed collection action, section 6330(d) permits a taxpayer to seek judicial review with the Tax Court or a U.S. District Court, as is appropriate. Petitioner did not challenge the underlying tax liability. Accordingly, we review respondent's determination for an abuse of discretion. Sego v. Commissioner, supra at 610.

1. Evidentiary Issue

At trial, petitioner objected to the introduction of the certified mail list, which was not part of the administrative file. We overruled petitioner's objection. On brief, petitioner argues that in section 6330 cases the Court is subject to the provisions of the Administrative Procedure Act and limited to reviewing the administrative record, and it was an error to conduct a trial de novo.

This case was tried before our Opinion in <u>Robinette v. Commissioner</u>, 123 T.C. 85 (2004). In <u>Robinette</u>, we held that when reviewing the Commissioner's determination pursuant to section 6330, our review is not limited by the Administrative Procedure Act, the evidence we may consider is not limited to the administrative record, and we conduct trials de novo. See also <u>Holliday v. Commissioner</u>, T.C. Memo. 2002-67 (Commissioner permitted to present documents, records, and testimony at trial that were not part of administrative record), affd. 57 Fed. Appx. 774 (9th Cir. 2003).

2. <u>Procedural Issue--Location of the Hearing</u>

Petitioner argues that he was entitled to a hearing at the Appeals Office closest to his home and the San Francisco Appeals Office was not the closest Appeals Office to his home. If a taxpayer receives a notice of lien or intent to levy and requests a hearing at the Commissioner's Appeals Office, the taxpayer must be offered an opportunity for a hearing at the Appeals Office closest to the taxpayer's residence. <u>Parker v. Commissioner</u>, T.C. Memo. 2004-226; see <u>Katz v. Commissioner</u>, 115 T.C. 329, 335-336 (2000); sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

Assuming arguendo that there was an Appeals Office closer to petitioner's home than San Francisco, California, we do not think it is necessary or productive to remand this case to Appeals. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Kemper v.</u>

<u>Commissioner</u>, T.C. Memo. 2003-195.  Petitioner's arguments--in the hearing request, during the correspondence hearing, and at trial--were limited to the verification requirement in section 6330(c)(1).  Petitioner's presence was not required in order for respondent to verify whether the requirements of any applicable law or administrative procedure had been met.

3.   <u>Abuse of Discretion</u>

As noted <u>supra</u>, petitioner's arguments regard the verification requirement in section 6330(c)(1).  Petitioner contends that Appeals Officer Chambers did not verify that respondent (1) properly assessed the taxes for the years in issue and (2) issued petitioner notices of deficiency, notice and demand for payment, notice of intent to levy, and notice of his right to a hearing.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  E.g., <u>Schnitzler v. Commissioner</u>, T.C. Memo. 2002-159.  We have repeatedly held that the Commissioner may rely on Forms 4340 or transcripts of account to satisfy the verification requirement of section 6330(c)(1).  <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003); <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003).  Petitioner has not alleged any irregularity in the assessment procedure that would raise a

question about the validity of the assessments or the information contained in the Forms 4340. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.

Petitioner's testimony, the notices of deficiency, the certified mail receipts, and the certified mail list establish that respondent mailed the notices of deficiency via certified mail to petitioner at his correct address. The Forms 4340 establish a proper assessment and that respondent sent petitioner notice and demand for payment and notice of intent to levy. A certified mail return receipt for the hearing notice and the fact that petitioner attached the hearing notice to his hearing request establish that petitioner received the hearing notice. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.