[Civ. No. 248.    Second Appellate District.—October 19, 1906.]

## COLLINS HOTEL COMPANY, Appellant, v. W. S. COLLINS, Respondent.

CONTRACTS—BUILDING HOTEL FOR LESSEE—PROVISION EXCUSING PERFORMANCE—PREVENTION BY ORDINANCE.—Where, by the terms of a contract the promisor agreed to build a hotel for a lessee according to specification unless prevented by "causes beyond his control," he is excused from performance both by the terms of the contract, and "by operation of law" under section 1511 of the Civil Code, when he is prevented by lawful city ordinances from erecting the building specified, or any hotel building which would be adequate for the purposes of the contract.

ID.—ACTION BY LESSEE—VALIDITY OF ORDINANCE—UNREASONABLENESS—PLEADING.—In an action on the contract by the proposed lessee, the validity of the ordinance as a legislative act cannot be questioned, where nothing is averred in the complaint, *dehors* the ordinance, to show that it is unreasonable, oppressive or void, as applied to the property involved in the contract, as distinguished from other property in the city to which it is applicable.

APPEAL from a judgment of the Superior Court of Los Angeles County, from an order denying a new trial, and from an order refusing to vacate the judgment and to enter a judgment for appellant.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

John D. Pope, for Appellant.

A deed or other instrument placed in escrow between parties, as part of a transaction, to be delivered when one of the parties has performed a certain act, is irrevocable. (Civ. Code, sec. 1057; *Cannon* v. *Handley,* 72 Cal. 133, 13 Pac. 315.) An ordinance which by its terms extends over an entire city is void if it is unreasonable as to any part of the city. An unlawful restriction upon property violates the federal constitution. (*Hume* v. *Laurel Hill Cemetery,* 142 Fed. 552; *Dobbins* v. *Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18; *Ex parte Whitewell,* 98 Cal. 73, 32 Pac. 870; *Crawford* v. *City of Topeka,* 51 Kan. 756, 37 Am. St. Rep. 323, 33 Pac. 476; *Chicago* v. *Gunning System,* 214 Ill. 628, 73 N. E. 1035, 70 L. R. A. 230.) The ordinance being void is no protection, and the case is one of a failure of defendant without excuse to erect the building for plaintiff according to contract. (*Hexter* v. *Knox,* 63 N. Y. 561.)

Scarborough & Bowen, for Respondent.

The ordinance is presumed valid, and the limits imposed by it are presumed reasonable; and unreasonableness *dehors* the ordinance must be pleaded. (*In re Smith,* 143 Cal. 386, 77 Pac. 180; *In re Newell,* 2 Cal. App. 767, 84 Pac. 226.)

SMITH, J.—Appeal from a judgment for the defendant, an order denying the plaintiff's motion for a new trial, and an order denying the plaintiff's motion to vacate the judgment and to enter a judgment in its favor. The suit was brought for breach of an agreement of the defendant with plaintiff's assignor, of date October 1, 1903, for the lease of a lot of land in the city of Los Angeles near the northeast corner of Third and Olive streets, with a hotel building thereon to be constructed, according to the plans and specifications specified, under the following provision of the contract: "Said first party agrees to complete said building and have it ready for occupancy by the first day of February, 1904, unless he shall be prevented by strikes, accidents, or other causes beyond his control; and if for any reason said first party shall not have completed said hotel by the first day of February, 1904, he agrees to complete it and deliver possession thereof as soon thereafter as possible."

The agreement sued on is in the form of a lease, delivered in escrow to the Title Insurance and Trust Company, for delivery to the plaintiff within thirty days after the completion of the hotel, upon the execution of a mortgage specified in the escrow agreement. The hotel building provided for, according to the specifications, would be about sixty-five feet in height on Olive street and one hundred and nineteen feet at the rear end of the lot, with an addition thereto of a cafe ten feet in height on the top of the house and a tower twenty-eight feet square by seventy-three feet in height above the roof of the cafe. The construction of the building by the defendant was prevented by an ordinance of the city of Los Angeles passed by the city council October 8, 1903, to the effect following:

"Section 1. That it shall be unlawful for any person to erect, or to cause to be erected, any frame building in the city of Los Angeles, the height of which, at any point, exclusive of the flag-pole, shall be more than 65 feet above the natural surface of the ground."

This ordinance was subsequently modified by another ordinance of date October 26, 1903; but this also, in its effect, prohibited the erection of the building contemplated. Assuming these ordinances to be valid, the defendant was excused for nonperformance of the contract, not only "by the operation of law" (Civ. Code, sec. 1511), but by the express provisions of the contract; and the only question involved is as to the validity of the former ordinance, which, it is contended by the appellant, is void for three reasons:

"1. It applied to all kinds of frame buildings, whether churches, ice-houses, elevators, water towers, oil derricks or windmills, as well as to private residences, rooming-houses and hotels.

"2. It applied to any building of any kind erected a mile from any other structure, with the same force and effect as if it were in the thickly settled portions of the city.

"3. It applied to a building erected on the side of a hill, as the hotel mentioned in the lease was to be, and did not permit the front of the hotel to extend even one story above the sidewalk on Olive Street."

These objections, it may be observed, may be summed up in the one general objection, that the ordinance, under certain special circumstances, would be unreasonable. But, "there

is nothing pleaded *dehors* the ordinance by virtue of which petitioner claims that the same is unreasonable, oppressive or void as applying to his property distinguished from other property within" the city; and in the absence of such a showing, we are not in a position to review the action of the council. (*In re Newell*, 2 Cal. App. 767, [84 Pac. 226].) It was so, in effect, held in the case cited, and we see no reason for departing from the principle announced in that decision. We have no general jurisdiction to review the action of the legislative body of a city any more than to review that of the state legislature. Nor have we any jurisdiction at all, except in so far as may be incidentally necessary to protect the constitutional rights of litigants from violation by unreasonable legislation. (*Ramish* v. *Hartwell*, 126 Cal. 443, [58 Pac. 920].) It follows that our jurisdiction will extend only to determine whether the constitutional rights of the individual litigant before us have been violated, and in no case can our decision go further than to hold the affirmative of this proposition.

We are of the opinion, therefore, that the judgment and orders appealed from must be affirmed; and it is so ordered.

Gray, P. J., and Allen, J., concurred.