Dr. Charles Milo CONNICK,
Plaintiff-Appellant,

v.

TEACHERS INSURANCE AND ANNUI-
TY ASSOCIATION OF AMERICA &
College Retirement Equities Fund, De-
fendants-Appellees.

CA No. 84–6556.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1986.

Decided March 14, 1986.

J. Thomas Gilbride, Whittier, Cal., for
plaintiff-appellant.

Barger & Wolen, Kent Keller, Steven H.
Weinstein, Los Angeles, Cal., for defen-
dants-appellees.

Before ANDERSON and PREGERSON,
Circuit Judges, and SOLOMON,* District
Judge.

* The Honorable Gus J. Solomon, Senior United
States District Judge for the District of Oregon, sitting by designation.

SOLOMON, Senior District Judge:

Appellant, Dr. Charles Milo Connick, upon his retirement demanded a lump sum payment for his annuity contributions and the accrued interest. Appellees, Teachers Insurance and Annuity Association of America and College Retirement Equities Fund (TIAA–CREF), refused to make the lump sum payment because the annuity contracts specifically state that there are no provisions for cash surrender. Connick filed an action for declaratory judgment against TIAA–CREF in which he alleged various state law claims, including breach of contract, reformation, unconscionability, misrepresentation, and changed circumstances. Connick also alleged breach of fiduciary duties, an ERISA violation. 29 U.S.C. §§ 1001, *et seq.* The district court granted TIAA–CREF's motions to dismiss and for summary judgment. On appeal, Connick contends that the district court's action was an abuse of discretion and erroneous. We affirm.

### FACTS

TIAA is a non-profit, legal reserve life insurance company. It provides a fixed retirement annuity for employees of institutions of higher education. The funds are invested in mortgages, real estate, bonds, and other debt securities. CREF is a companion non-profit organization. It provides a variable retirement annuity program for college and university employees. Its funds are invested in common stocks and other securities having equity characteristics. Both organizations are New York corporations with their principal places of business in New York.

Connick is sixty-eight years old and is a resident of Whittier, California. He served as a professor and chairman of the Department of Philosophy and Religion at Whittier College from 1946 until 1982.

On September 21, 1949, Connick joined TIAA and began to make contributions. Three years later, Connick also joined CREF and applied a portion of his retirement contributions to this program. In July, 1982, Connick elected to discontinue contributions to both programs. TIAA–CREF provided Connick with information on the available methods of payment of his annuities. Connick demanded a lump sum payment of his contributions and accrued interest. TIAA–CREF rejected the demand because a lump sum payment to Connick was not an available method of payment. The contributions made by Connick and Whittier College on Connick's behalf totalled $75,013.57 to TIAA and $48,986.97 to CREF.

### The Annuity Contracts

The TIAA application specifically states that all premiums become the property of TIAA and that the contract to be issued will have no provision for cash surrender. By signing the CREF application, the applicant acknowledged that the issued certificate will have no provision for cash surrender. The certificates issued pursuant to these applications state on the front pages that they do not provide for cash surrender. Connick admits that he read the provisions containing these limitations.

Connick is the annuitant and his wife is the beneficiary in each annuity contract. Each contract provides for lump sum payments in specific situations. In the TIAA contract, a single sum payment may be paid if a corporation, association, partnership, or estate is the payee at the annuitant's death, or to the beneficiary's executor or administrator upon the death of the beneficiary if he or she survives the annuitant by forty-eight hours. The CREF contract provides for payment of the present value of the annuity benefits in a single sum to an entity, namely, a corporation, association, partnership, trustee, or estate, if that entity becomes entitled to receive any benefit. Both contracts expressly reserve the right to pay in a lump sum the value of the accumulated units if any periodic payment to a beneficiary is less than $10.00 per month or if any beneficiary's share is less than $1,000.00.

Both annuity contracts provide for annual notices to the annuitant showing the amount of the annuity that was purchased

by the contributions during that year and the amount of interest credited. In addition, TIAA and CREF voluntarily provide an "Annual Report" and an information magazine called "Investment Supplements" to the participants.

*Procedural Background*

On February 7, 1984, Connick filed this action. The district court granted TIAA–CREF's original motion to dismiss or alternatively for summary judgment and allowed Connick leave to amend. Connick filed an amended complaint adding an ERISA claim.

TIAA–CREF moved to dismiss the amended complaint or alternatively for summary judgment. The district court granted both the motions on all counts. The court found that the annuity contracts preclude any lump sum distribution, that the contracts are clear and unambiguous, that Connick had notice of the no cash value provision in each contract, and that this provision had a valid business purpose and was not unconscionable. The court also found that there were no changed circumstances, no false statements or misrepresentations, and that TIAA–CREF did not violate ERISA.

## DISCUSSION

### Motion for Summary Judgment

Appellate courts must review motions for summary judgment under the same standards as the trial court. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir.1975). Summary judgment is appropriate when there are no issues of material fact and when the evidence, viewed in a light most favorable to the opposing party, entitles the movant to prevail as a matter of law. *Fruehauf Corp. v. Royal Exchange Assurance of America, Inc.*, 704 F.2d 1168, 1171 (9th Cir.1983). The court shall consider all admissible affidavits and supplemental doc-

uments on a motion for summary judgment. Fed.R.Civ.P. 56.

Here, the underlying facts are not contested. The main issue is whether the annuity contracts provide for lump sum payments of contributions and interest to an annuitant upon retirement. Summary judgment is uniquely appropriate when the contract is before the court and the issue is contractual interpretation. *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979).

### 1. Breach of Contract

■ Connick alleges that the "cash surrender statement on its face is vague, ambiguous and misleading" and that the annuities, when read alone or together with the voluntary TIAA–CREF publications, provide for a lump sum distribution on retirement. Connick did not supply the court with copies of the TIAA–CREF publications. A party may not defeat a summary judgment motion by reference to "phantom" documents not supplied to the court. *See Blodgett v. County of Santa Cruz*, 553 F.Supp. 1090, 1094 (N.D.Cal.1981), *aff'd,* 698 F.2d 368 (9th Cir.1982). Therefore, the court need only review the annuity contracts themselves.

■ Words used in an insurance/annuity contract are to be interpreted in their "plain and ordinary sense." *McKee v. State Farm Fire & Casualty Co.*, 145 Cal. App.3d 772, 776, 193 Cal.Rptr. 745, 746 (1983).[1] A claim of ambiguity cannot be based on a strained interpretation of the terms of a policy. *Id.*

■ The TIAA and CREF contracts specifically state that they contain no provision for cash surrender. A cash surrender provision allows the owner to receive a single cash payment for the value of the

---

**1.** This is a diversity case. Therefore, state law controls on all substantive issues including the contractual interpretation issues. *Sherman v. Mutual Benefit Life Ins. Co.*, 633 F.2d 782, 784 (9th Cir.1980). The TIAA–CREF annuities re-

quire the application of New York law. However, New York and California law are consistent in terms of contract interpretation and the court need not enforce the contractual choice of law provisions.

policy upon termination and surrender. *See United States v. Mitchell*, 349 F.2d 94, 100 (5th Cir.1965).

The no cash surrender provisions at issue here have been construed in four previous decisions. *See Beers v. Teachers Insurance and Annuity Association of America*, No. 29950 (Boone County, Iowa June 26, 1981);[2] *Alexandre v. Chase Manhattan Bank, N.A.*, 61 App.Div.2d 537, 403 N.Y.S.2d 21 (1978); *Overman v. Overman*, 570 S.W.2d 857 (Tenn.1978); *Abbett v. Teachers Insurance and Annuity Association of America*, No. 7883/1968, Supreme Court, New York County (July 8, 1968).[3] In every case, the court determined that the contracts do not provide for lump sum payments.

There is no merit in Connick's contention that the provisions for one sum payments to certain beneficiaries in certain instances makes these contracts ambiguous. The one sum payment provisions come into effect only when an entity becomes entitled to receive benefits upon the death of the annuitant or beneficiary.

■ Equally without merit is Connick's contention that TIAA–CREF breached the contracts by failing to provide annuitants with accurate annual reports of TIAA–CREF's investment results, by failing to obtain the best management and investment expertise, by failing to bring in the highest returns, and by failing to innovate since 1952. The annuity contracts do not require TIAA–CREF to perform these functions.

## 2. *Reformation*

Reformation of a contract is available where one party is mistaken on either the terms or effect of a contract and the other party knows or suspects that the mistaken belief existed at the time the contract was executed. *City of Cypress v. New Amster-*

dam *Casualty Co.*, 259 Cal.App.2d 219, 66 Cal.Rptr. 357, 360 (1968).

■ The agreements specifically state that no cash surrender payments are available under the contract. It is unreasonable to infer that this clause would result in Connick's mistaken belief that a lump sum payment was available or that TIAA–CREF should have known that Connick would mistakenly believe that a lump sum payment was available from his reading of the agreements.

## 3. *Unconscionability*

■ Connick asserts that the annuity contracts are unconscionable because they do not provide for a lump sum payment and because they are contracts of adhesion. A contract is not unconscionable merely because the transaction involved a standardized legal form and the complaining party had less bargaining strength. The party wishing to avoid the contract must also show that the contract contains harsh or unconscionable terms which the party would not have agreed to except for his weak bargaining position. *Keating v. Superior Court of Alameda County*, 31 Cal.3d 584, 595, 183 Cal.Rptr. 360, 365, 645 P.2d 1192 (1982).

TIAA–CREF admits that the annuities are adhesion contracts. However, the contracts do not contain harsh or unconscionable terms.

This type of contract is expressly permitted by statute. The annuities are fair and are not unjust or inequitable. The annuity provisions are not unconscionable.

## 4. *Changed Circumstances*

■ The Internal Revenue Code allows the "rollover" of lump sum distributions into Individual Retirement Accounts while maintaining tax-free status. Connick contends that this is a sufficient change of circumstances to justify the voiding of the

---

**2.** This case has not been reported. However, the factual situation of the case is almost identical. The court may use directly relevant, unreported decisions for guidance. *See, e.g., Furbee*

*v. Vantage Press, Inc.*, 464 F.2d 835, 837 (D.C. Cir.1972).

**3.** This case is also unreported but is directly relevant.

contracts. In applying the frustration or change of circumstances excuse, the courts must determine if the fundamental reason for the contract has been frustrated to the point that performance becomes extremely impracticable. *Waegemann v. Montgomery Ward & Co., Inc.*, 713 F.2d 452, 454 (9th Cir.1983), (citing *Cutter Laboratories, Inc. v. Twining*, 221 Cal.App.2d 302, 315, 34 Cal.Rptr. 317, 324 (1963)). Even though laws or other governmental acts make the performance of a contract unprofitable or more expensive, the duty to perform a contractual obligation is not excused. *Rose v. Long*, 128 Cal.App.2d 824, 275 P.2d 925, 926 (1954).

Here, a change in the Internal Revenue Code does not constitute changed circumstances sufficient to frustrate the purpose of the TIAA–CREF annuity contracts. These contracts will still fulfill their purpose by providing Connick with a secure retirement income.

Connick's other contentions in opposition to appellee's motion have no merit.

### 5. ERISA

Connick alleges that TIAA–CREF breached its fiduciary duties under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq., (ERISA) by making poor investment decisions, by having a poor earnings record, by failing to defray administrative costs, by mismanaging contributions, by relying on "in-house" managers, and by failing to update or diversify its investment practices.

ERISA requires the fiduciary of a plan subject to its provisions to discharge its duties "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). The statute specifically requires the fiduciary to act solely in the interests of the annuitants and beneficiaries for the purpose of providing benefits and defraying administrative expenses and by diversifying the investments of the plan. 29 U.S.C. § 1104.

Connick's amended complaint merely paraphrases these duties and alleges that they have been breached by TIAA–CREF.

When a party files a motion for summary judgment which is supported with the proper evidence, an adverse party may not rest upon the mere allegations of his complaint but must provide evidence setting forth specific facts showing that there is a genuine issue for trial. *See California ex rel. Dep't. of Transp. v. United States*, 561 F.2d 731 (9th Cir.1977). Connick has failed to meet this requirement; he has failed to allege specific facts to show that there is a genuine issue for trial.

### *Motion to Dismiss*

The district court's order granting TIAA–CREF's motion for summary judgment on all counts is affirmed. The issue of whether TIAA–CREF's motion to dismiss was properly granted is moot.

We deny TIAA–CREF's request for attorney fees. An appellate court has the discretion to award attorney fees and costs as a sanction against a frivolous appeal. Fed.R.App.P. 38. An appeal is considered frivolous when the result is obvious or appellant's arguments are wholly without merit. *DeWitt v. Western Pacific R. Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). We hold that Connick's appeal was not so lacking in merit to justify an award of attorney fees.

AFFIRMED.