**Stephen LINDSEY; et al.,
Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.**

No. 02–72161.
Tax Court No. 9014–00/9014–00L.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

### MEMORANDUM**

Taxpayers Stephen and Patricia Lindsey appeal pro se the United States Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner"), contesting the Commissioner's determination of tax deficiencies for tax years 1989–1993. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the grant of summary judgment, *Talley Indus. Inc. v. Comm'r,* 116 F.3d 382, 385 (9th Cir.1997), and we affirm.

The tax court properly granted summary judgment because Form 4340 submitted by the Commissioner is an official document which establishes that tax assessments were made and petitioners have failed to present contrary evidence. *See Hughes v. United States,* 953 F.2d 531, 535–36 (9th Cir.1992).

Contrary to petitioners' contention, the tax court properly exercised jurisdiction over petitioners' case because it has jurisdiction over tax liabilities that originate from unpaid income taxes, regardless of whether the underlying tax liability is in dispute. *See* 26 U.S.C. § 6330.

Finally, we find unpersuasive petitioners' contention that the tax court erred by permitting the Commissioner to supplement his motion for summary judgment with additional forms not supplied during the collection due process hearing. *See Connick v. Teachers Ins. & Annuity Ass'n,* 784 F.2d 1018, 1020 (9th Cir.1986) (holding that a court shall consider supplemental documents on a motion for summary judgment).

### AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

