Filed 11/14/13  Sferas v. Liberante CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SAMUEL SFERAS, as Executor, etc., | B243412 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MC022728) |
| v. | |
| BENITO LIBERANTE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank Johnson, Judge.  Affirmed.

Samuel Sferas, in pro. per., for Plaintiff and Appellant.

Anderson, McPharlin & Conners, Colleen A. Déziel and Leila M. Rossetti for Defendant and Respondent Premier America Credit Union.

Barger & Wolen, John C. Holmes and Richard B. Hopkins, II for Defendant and Respondent New York Life Insurance and Annuity Corporation.

_____

**INTRODUCTION**

Plaintiff Samuel Sferas, as executor and administrator of the estate and living trust of Julie A. Caravello, appeals from judgments of dismissal in favor of defendant Premier America Credit Union and defendant New York Life Insurance and Annuity Corporation after the trial court sustained their demurrers without leave to amend. The trial court ruled that the judgment in a prior lawsuit between the parties operated as res judicata to bar this lawsuit. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is the third lawsuit against these defendants. The allegations of negligence in all three lawsuits are substantively the same, although the wording of the allegations in each complaint varies slightly.

A.    *The First Lawsuit*

On August 19, 2009 two of the adult children of decedent Julie A. Caravello (Julie), Perry F. Caravello (Perry) and Kenneth Caravello (Kenneth), filed an action against Julie's other adult child, defendant Benito Liberante aka Brian Caravello (Brian), Brian's wife Amy Liberante (Amy), Premier America Credit Union (Premier), and New York Life Insurance and Annuity Corporation (New York Life).[1] (*Caravello v. Liberante* (Super. Ct. L.A. County, 2009, No. LC086618).) The complaint asserted only one cause of action against Premier and New York Life for negligence based on the allegation that they had unlawfully released funds from Julie's accounts to Brian and Amy. Brian and Amy demurred to the complaint on the ground that Perry and Kenneth lacked standing. The trial court sustained the demurrer with leave to amend, noting that Mark Sferas was

_____

[1]    Perry and Kenneth are not parties to this appeal.

2

the proper party to bring this action because Julie's estate documents named him as the successor trustee and executor of her estate.

On October 30, 2009 Perry and Kenneth filed a first amended complaint adding a new plaintiff, Mark Sferas, "as administrator of [Julie's] last will and testament and living trust." Premier demurred on the grounds that the plaintiffs lacked standing and that Premier did not owe the plaintiffs any duty. On November 13, 2009 the court, at plaintiffs' request, dismissed the case without prejudice.

B. *The Second Lawsuit*

On December 4, 2009 Perry, Kenneth, and Mark Sferas "as administrator of [Julie's] last will and testament and living trust" filed another lawsuit against Premier and New York Life, as well as Brian and Amy. (*Sferas v. Liberante* (Super. Ct. L.A. County, 2010, No. LC087815).) The negligence allegations against Premier and New York Life were the same as the negligence allegations against them in the first lawsuit. On July 12, 2010 the trial court sustained Premier's demurrer to the complaint by Perry and Kenneth without leave to amend on the grounds that they lacked standing and that Premiere and New York Life did not owe Perry and Kenneth a duty that would allow them to state a claim for negligence. The trial court stated that "[a]s all these issues were pointed out to [Perry and Kenneth] in a prior action (LC086618), and because the prior demurrer was sustained without leave to amend, the court again sustains the demurrer without leave to amend for the reasons noted above." The court sustained Premier's demurrer to the complaint by Mark Sferas, but granted him leave to amend because he had not been a party in the first action.

On July 26, 2010 Mark Sferas filed a first amended complaint in the second lawsuit, again alleging a single cause of action for negligence against Premier and New York Life. Mark Sferas alleged: "In taking the actions herein alleged . . . , Defendants [Premier and New York Life] . . . acted negligently, carelessly, recklessly, wantonly and unlawfully. Said Defendants owed a duty of care to Plaintiffs which was breached and thereby caused them damages . . . . [¶] Said Defendants [Premier and New York Life],

3

continuing in or about six (6) months before Julie A. Caravello died on or about July 13, 2010, negligently and unlawfully allowed to be transferred funds to Brian and Amy Liberante from Julie A. Caravello's annuity and bank account or accounts by not properly monitoring, supervising and reviewing forged financial documents and checks and a purported false power of attorney form or forms signed and dated by Brian or Amy Liberante. Had the agents, employees and officers of said financial institution Defendants exercised reasonable care and attention, and reviewed the signature cards of Julie A. Caravello, as well as properly spoke and communicated to her as to her wishes and intentions, the funds in the Defendants' accounts would not have been improperly, illegally and unlawfully transferred to the Liberantes. [¶] As a direct, legal and proximate result of Defendants' actions, omissions and negligence, as alleged above, Plaintiffs have been harmed in that Plaintiffs were injured, subjected to humiliation, indignity, undue emotional trauma and stress and prevented from transacting and attending to their normal business, professional and personal affairs. Plaintiffs suffered great physical and mental pain and suffering, all to their general damage in an amount according to proof at or before trial. [¶] As a direct, proximate and legal result of the aforesaid negligence, Plaintiffs have further sustained additional general damages for loss of monies, funds and proceeds due them from the estate of the late Julie Caravello, as hereinbefore alleged and described, in the amount of at least $160,000.00, plus legal interest thereon . . . ." (Capitalizations omitted.)

On September 13, 2010 the trial court sustained Premier's demurrer to the first amended complaint without leave to amend. The court ruled that plaintiff did not state a negligence cause of action against Premier because Premier "does not owe any duty to personally confirm the wishes and intentions of a depositor who requests withdrawal." Citing *Copesky v. Superior Court* (1991) 229 Cal.App.3d 678, the court ruled that "the bank-depositor relationship is not a 'special relationship' . . . such as to give rise to tort damages when an implied contractual covenant of good faith is broken." (*Id.* at p. 694.)

On September 27, 2010 the trial court sustained New York Life's demurrer to the first amended complaint without leave to amend and struck the complaint because Mark

4

Sferas had failed to appear at prior court proceedings and had not responded to the court's order to show cause. The court dismissed the case with prejudice.

### C. *The Third Lawsuit*

Samuel Sferas, who had succeeded Mark Sferas as executor of Julie's estate and trustee of her trust, filed this action on July 11, 2011, and the operative first amended complaint on February 21, 2012. (*Sferas v. Liberante* (Super. Ct. L.A. County, 2012, No. MC022728).) The first amended complaint again alleged one cause of action for negligence against Premier and New York Life. The first amended complaint also named Brian and Amy, as well as five individuals not previously named, as defendants.

Samuel Sferas alleged that Amy, conspiring with Brian, "forged Julie A. Caravello's signature on various forms of . . . Premier and . . . New York Life . . . in order to gain illegal access to her funds and monies. Agents and employees of . . . Defendants . . . failed to properly and reasonably verify Julie A. Caravello's handwriting and signatures on these forms, and take other appropriate security measures to protect her right of privacy, in order to ensure that her funds and monies were not remitted to . . . Amy and Brian. [¶] [In doing so,] Premier and New York Life . . . acted negligently, carelessly, recklessly, wantonly and unlawfully. [They] owed a duty of care to Plaintiffs. This duty was breached . . . . [¶] As a direct, legal and proximate result of Defendants' actions, omissions and negligence, . . . Plaintiffs suffered general damages, in an amount according to proof at or before trial. [¶] As a direct, proximate and legal result of the aforesaid negligence, Plaintiffs have been unjustly deprived of monies, funds and proceeds due [to Plaintiffs] from the estate of the late Julie A. Caravello . . . in the amount of at least $170,000.00 . . . ." (Capitalizations omitted.)

Premier and New York Life demurred to the first amended complaint on the grounds that the action was barred by res judicata and that they owed no duty to the plaintiffs. On June 8, 2012 the trial court sustained the demurrers without leave to amend. The court found that the negligence cause of action was barred by res judicata and did not state a claim because neither Premier nor New York Life owed a duty to

5

plaintiffs. The court stated, "[a]ny liability by [defendants] would be contractual and not tortious." The trial court entered judgment in favor of Premier on June 14, 2012, and in favor of New York Life on June 25, 2012. Samuel Sferas filed a timely notice of appeal from both judgments.

## DISCUSSION

A. *Standard of Review*

When reviewing a judgment dismissing an action after an order sustaining a demurrer without leave to amend, we review "'the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]' [Citation.]" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Akopyan v. Wells Fargo Home Mortgage, Inc.* (2013) 215 Cal.App.4th 120, 130-131; *Sandler v. Sanchez* (2012) 206 Cal.App.4th 1431, 1436.) "[W]e treat the demurrer as admitting the complaint's well-pleaded allegations of material fact, but not its contentions, deductions or conclusions of law." (*Ross v. RagingWire Telecommunications, Inc.* (2008) 42 Cal.4th 920, 924.) "In addition, we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse. [Citation.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; accord, *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1484-1485.) "'[W]here the nature of the plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result.' [Citation.]" (*San Mateo Union High School Dist.*

6

*v. County of San Mateo* (2013) 213 Cal.App.4th 418, 441.) "'[T]he burden of proving a reasonable possibility exists that a complaint's defects can be cured by amendment rests "squarely on the plaintiff."' [Citation.]" (*Whittemore v. Owens Healthcare-Retail Pharmacy, Inc.* (2010) 185 Cal.App.4th 1194, 1199.)

### B.    *Res Judicata*

The trial court ruled that res judicata barred this action. On appeal, Samuel Sferas does not address this part of the trial court's ruling, thus forfeiting any challenge to the judgment on this issue. (See *People ex rel. Reisig v. Acuna* (2010) 182 Cal.App.4th 866, 873 ["point not argued or supported by citation to authority is forfeited"].) Although an appellate court has discretion to excuse forfeiture, "appellate courts typically have engaged in discretionary review only when a forfeited claim involves an important issue of constitutional law or a substantial right." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7; see *Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 452 ["'the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue'"].) There is no such important legal issue here.

Moreover, even if Samuel Sferas had not forfeited the issue, the trial court correctly ruled that the judgments in favor of Premier and New York Life in the second lawsuit bar the identical claim against Premier and New York Life in this action. "'Under the doctrine of res judicata, a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action.'" (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 575.) "'"If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it . . . . The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. . . .'"' [Citation.]" (*Id.* at p. 576; see *Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557 ["[r]es judicata not only precludes the relitigation of issues that were actually litigated, but also

7

precludes the litigation of issues that could have been litigated in the prior proceeding"]; *Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1529 [same].)

"'The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent.' [Citation.]" (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1427.) "The application of the doctrine in a given case depends upon an affirmative answer to these three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party to or in privity with a party to the prior adjudication? [Citations.]" (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171; see *In re Marriage of Modnick* (1983) 33 Cal.3d 897, 904, fn. 6; *Estate of Redfield* (2011) 193 Cal.App.4th 1526, 1534.)

This case yields "yes" answers to each of these three questions. First, the issues in this lawsuit are identical to those in the second lawsuit. In both actions a Sferas alleged that Premier and New York Life (1) "negligently, carelessly, recklessly, wantonly and unlawfully" caused plaintiff to sustain "damages"; (2) unreasonably failed to verify Julie's handwriting on forged forms; (3) improperly and illegally remitted funds from Julie's accounts to Brian and Amy; and (4) unjustly deprived Julie's estate of at least $160,000. The primary right at issue in the first, second, and third lawsuits was the same: the right of the executor and the administrator, on behalf of the estate and the living trust, respectively, to recover at least $160,000 negligently released by Premier and New York Life from Julie's accounts to Brian and Amy. (See *Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1170 ["California law defines a 'cause of action' for purposes of the res judicata doctrine by analyzing the primary right at stake"].)

8

Second, the judgment in the second lawsuit is a final judgment on the merits. An order sustaining a demurrer without leave to amend is on the merits and will have res judicata effect unless "the pleading defects are 'technical or formal' and can be corrected by a new pleading . . . ." (*Perez v. Roe 1* (2006) 146 Cal.App.4th 171, 184.) A judgment will support the application of res judicata where the judgment follows the sustaining of a demurrer "on a ground of substance" or "where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action." (*Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52; see *Keidatz v. Albany* (1952) 39 Cal.2d 826, 828 [judgment is "on the merits to the extent that it adjudicates that facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts"]; *Pollock v. University of Southern California*, *supra*, 112 Cal.App.4th at pp. 1427-1428 ["fact that the [judgment in the prior action] resulted from the sustaining of a general demurrer does not preclude application of the res judicata doctrine"]; *Ojavan Investors, Inc. v. California Coastal Com.* (1997) 54 Cal.App.4th 373, 384 ["a judgment following the sustaining of a general demurrer may be on the merits"].)[2] The judgments in favor of Premier and New York Life in the second lawsuit followed orders sustaining demurrers without leave to amend on the ground that Premier and New York Life had no duty that could give rise to a negligence claim. The basis of this ruling was "a ground of substance," on the merits, that the facts alleged did not state a claim, not a technical or formal defect. Samuel Sferas has not alleged any new, additional, or different facts in this lawsuit.

Third, Samuel Sferas was in privity with Mark Sferas in the second lawsuit. Although they have different first names, they were both acting not in their individual

---

[2]    Res judicata will not apply if "'new or additional facts are alleged that cure the defects in the original pleading . . . .'" (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789; accord, *Crowley v. Modern Faucet Mfg. Co.* (1955) 44 Cal.2d 321, 323.)

9

capacities but in their representative capacities as the executor of Julie's will and the administrator of her trust. Samuel was the successor to Mark in both capacities. "The powers of a trustee are not personal to any particular trustee but, rather, are inherent in the office of trustee. It has been the law in California for over a century that a new trustee 'succeed[s] to *all* the rights, duties, and responsibilities of his predecessors.' [Citations.]" (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1131; see *Smith v. Cimmet* (2011) 199 Cal.App.4th 1381, 1396-1397; *Eddy v. Fields* (2004) 121 Cal.App.4th 1543, 1548.) Similarly, a successor executor, as personal representative of the estate, "may prosecute to final judgment any suit commenced by the former personal representative" and "has the powers and duties . . . that the former personal representative would have had." (Prob. Code, § 8524, subds. (a), (c).)

All three criteria for application of res judicata are satisfied. (See *Levy v. Cohen*, *supra*, 19 Cal.3d at p. 171; *Pollock v. University of Southern California*, *supra*, 112 Cal.App.4th at p. 1427.) The trial court properly ruled that the second lawsuit operated as res judicata to bar this, the third lawsuit against Premier and New York Life.

### C.     *Negligence*

Samuel Sferas' only contention on appeal is that his allegations state a claim for negligence. Samuel Sferas, however, limits his argument to conclusory statements and citations to cases without any discussion or explanation of how those cases relate to the facts alleged in the first amended complaint. Nor does Samuel Sferas provide any citations to the record in support of his contention that he has stated a negligence claim. We therefore treat his argument on the issue of negligence as forfeited. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 ["an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record," and "we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"]; *Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 [appellate court may treat as waived any argument not "supported by both

10

coherent argument and pertinent legal authority"]; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)

Moreover, even if Samuel Sferas had not forfeited the issue, and even if res judicata did not bar his negligence claim, the trial court correctly ruled that Premier and New York Life owed him no duty of care.[3]  In the exercise of ordinary care, a bank is generally not required to "look to the name on the signature card to determine the identity of the customer." (*Rodriguez v. Bank of the West* (2008) 162 Cal.App.4th 454, 462.) "[A] bank owes a limited duty of inquiry when a check presented for deposit bears some objective signs of fraud" and the circumstances of a third party attempting to divert proceeds of a check made payable to the bank are "sufficiently suspicious." (*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472, 479, 480; see *Sun 'n Sand, Inc. v. United California Bank* (1978) 21 Cal.3d 671, 695; *Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal.App.4th 1138, 1151, fn. 3 [exception applies where the bank allows "'a person to deposit a check, payable to someone else, into a personal account, under circumstances that should have alerted the bank to the possibility of fraud'"].)  A bank's "duty is narrowly circumscribed" and its "obligation is minimal," although it cannot  "ignore . . . danger signals[.]"  (*Sun 'n Sand, Inc.*, *supra*, at pp. 695-696; see *Karen Kane, Inc. v. Bank of America* (1998) 67 Cal.App.4th 1192, 1202 ["[t]he duty of inquiry described in *Sun 'n Sand* is 'narrowly circumscribed'"]; *Story Road Flea Market, Inc. v. Wells Fargo Bank* (1996) 42 Cal.App.4th 1733, 1742, italics omitted ["'ordinary care' can be established notwithstanding the bank's failure to 'examine the instrument' so long as the bank's processing of the instrument was in accordance with both the bank's practices and general banking usage"].)  Like the relationship between a bank and a customer, "[t]he relationship of an insurer and an annuitant is not a fiduciary one," and an insurer is only required to perform the functions stated in the annuity

---

[3]     "Duty is a question of law for the court, to be reviewed de novo on appeal." (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 770.)

11

contract.  (3B (2013) C.J.S. Annuities § 34; see *Connick v. Teachers Ins. and Annuity Ass'n* (9th Cir. 1986) 784 F.2d 1018, 1021.)

Samuel Sferas alleged that Premier and New York Life unreasonably failed to verify Julie's handwriting and signature on forms allegedly forged by Amy in conspiracy with Brian, and then disbursed the money from Julie's bank account with Premier and annuity with New York Life based on the allegedly forged signature.  Samuel Sferas did not allege that Premier ignored any "danger signals" or objective signs of forgery or fraud, that there were suspicious circumstances in connection with the "financial documents and checks," or that Premier failed to act in a manner consistent with general banking practice.  Thus, Samuel Sferas failed to state a claim for negligence against Premier or New York Life.

The cases cited by Samuel Sferas do not support his contention that Premier and New York Life had a duty to the estate in connection with the disbursement of the funds in the circumstances of this case.  In *Commercial Standard Ins. Co. v. Bank of America* (1976) 57 Cal.App.3d 241, the court held that the bank had a duty of reasonable care in disbursing construction loan proceeds that it had agreed to disburse "in accordance with the value of construction work performed" at various benchmarks in the construction process.  (*Id.* at p. 249.)  In *Rowland v. Christian* (1968) 69 Cal.2d 108, the court held that an occupier of land could be liable to a person injured on the land for negligence, regardless of whether the injured person was a trespasser, licensee, or invitee.  (*Id.* at pp. 117-119.)  In *Fireman's Fund Ins. Co. v. Security Pacific Nat. Bank* (1978) 85 Cal.App.3d 797, a subrogation case, the court held "that under the facts of this case a noncustomer drawer whose signature was forged on a check drawn upon his account is precluded, by divisions 3 and 4 of the California Uniform Commercial Code, from bringing a direct cause of action based upon statutory or common law negligence against a collecting bank after final payment has been made by the drawee bank."  (*Id.* at pp. 829-830.)  These cases all involve very different factual circumstances than those alleged in this case.

12

Finally, the trial court did not abuse its discretion in sustaining the demurrers by Premier and New York Life without leave to amend. Samuel Sferas had an opportunity to amend his complaint, and on appeal he has not argued that the trial court erred in denying him further leave to amend. Nor has Samuel Sferas suggested on appeal how he would amend if given another opportunity to do so. (See *Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1497, fn. 19 ["[w]hen reviewing a demurrer that has been sustained without leave to amend, '[t]he plaintiff has the burden of proving that an amendment would cure the defect,'" and where the plaintiff has "not offered any proposed amendment, [the plaintiff has] not carried [its] burden"]; *Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1468 ["'[l]eave to amend should *not* be granted where . . . amendment would be futile'"].)

## DISPOSITION

The judgment is affirmed. Defendants are to recover their costs on appeal.

SEGAL, J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.