150 T.C. No. 9

UNITED STATES TAX COURT

SCOTT T. BLACKBURN, Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27721-14L.                    Filed April 5, 2018.

This case arises under I.R.C. secs. 6320 and 6330.  P disputes R's attempt to collect the trust fund recovery penalty (TFRP) assessed under I.R.C. sec. 6672, but the immediate issue is framed by R's motion for summary judgment.  The liability subject to collection is not in dispute under I.R.C. sec. 6330(c)(2)(B).  R argues that the TFRP is not subject to I.R.C. sec. 6751(b) and also that there was sufficient evidence of supervisory approval such that it was not an abuse of discretion for the settlement officer (SO) to find compliance with I.R.C. sec. 6751(b) in any event.  We do not reach the first question because we find the SO did not abuse discretion in finding that R had met the requirements of applicable law and administrative procedure under I.R.C. sec. 6330(c)(1).

<u>Held</u>: The verification required by I.R.C. sec. 6330(c)(1) does not require an analysis of the thought process of the approving immediate supervisor under I.R.C. sec. 6751(b)(1) but rather verification that the supervisor approved in writing the initial determination of the penalty.

Held, further, R's motion for summary judgment is granted regarding the TFRP because the related assessment was properly verified by the SO. There being no further issues, the proposed collection action is sustained.

Jaye A. Calhoun, David P. Hamm, Jr., Christie B. Rao, and Kernan A. Hand, Jr., for petitioner.

Ardney J. Boland III and Susan S. Canavello, for respondent.

OPINION

GOEKE, Judge: In Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016), we held that the written approval required by section 6751(b)[1] must be established as part of the Commissioner's burden of production under section 7491(c). The present case involves a previously assessed trust fund recovery penalty (TFRP) under section 6672. There is an issue regarding verification of compliance with section 6751(b) required by section 6330(c)(1) and (3)(A).[2] The Appeals officer must "obtain verification

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 6751(b)(1) provides: "No penalty under this title shall be assessed
(continued...)

from the Secretary that the requirements of any applicable law or administrative procedure have been met." Sec. 6330(c)(1). Respondent maintains that the section 6672 TFRP is not subject to the written supervisory approval requirements of section 6751(b) but that respondent complied with section 6751(b) in any event. Because we find no abuse of discretion by the Appeals officer regarding verification of compliance with section 6751(b), we need not address the legal question whether 6751(b) applies to the trust fund penalty.

## Background

The following facts are not in dispute. Petitioner resided in Louisiana when the petition was filed. During 2000 Emergency Response Training, Inc. (ERT), became delinquent in its employment tax liabilities. Specifically, ERT failed to file a number of Forms 941, Employer's Quarterly Federal Tax Return, or satisfy numerous self-reported employment tax liabilities during the years 2000 through 2011.

On or around July 2, 2012, Revenue Officer Adams made the initial determination to assert TFRPs liabilities under section 6672 against petitioner,

---

[2](...continued)
unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary many designate."

Scott T. Blackburn, and a second individual. At the time, Senior Revenue Officer Janet Reed was Acting Group Manager of Revenue Officer Adams' Collection Group and Revenue Officer Adams' acting immediate supervisor.

On or before August 20, 2012, Revenue Officer Adams received "new information" and changed her determination regarding the second individual's TFRP liability under section 6672 for ERT's unpaid employment taxes. On August 21, 2012, Revenue Officer Adams submitted a request for supervisory approval to assert TFRP liabilities under section 6672 against petitioner. On August 21, 2012, a Form 4183, Recommendation re: Trust Fund Recovery Penalty Assessment, was generated, which shows that Ms. Reed approved asserting TFRP liabilities under section 6672.[3] The version of the Form 4183 offered by respondent does not contain Ms. Reed's signature but shows Ms. Reed's name in the signature block for supervisor. It is also uncontested that the copy of Form 4183 offered by respondent was generated by respondent's computer system. On November 5, 2012, respondent assessed TFRP liabilities against petitioner for the fourth quarter of 2003 and the fourth quarter of 2004.

---

[3]Respondent offers a copy of the Form 4183 as an attachment to the declaration of Ms. Reed. We find this declaration contains the elements conforming with Fed. R. Evid. 902(11). Regardless, it is uncontested for purposes of respondent's motion for summary judgment that the Form 4183 was in the administrative record.

Petitioner does not contest his liability for the TFRPs and also concedes that this liability is not an issue in this case.

## Discussion

### Summary Judgment Standard

Rule 121(b) provides that summary judgment is appropriate if the supporting materials show that there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. When a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials in such party's pleadings; rather, the adverse party must set forth specific facts showing a genuine dispute for trial. Rule 121(d).

### Petitioner's Arguments

Petitioner argues that in enacting section 6751(b)(1), Congress could not have meant to require a meaningless, supervisory "rubber stamped" signature. Petitioner has asked respondent repeatedly to provide some evidence that the supervisor's review was meaningful, and respondent's response has been limited to "IRS complied with the statute" and the strong implication that the Government's position is that no more than a signature is required for verification of statutory compliance. Accordingly, petitioner maintains that a motion for summary judgment is premature.

Petitioner relies upon the Internal Revenue Manual to suggest an argument that the signature of the supervisor in support of a penalty is not in itself a sufficient showing to comply with section 6751(b). Petitioner maintains that a meaningful supervisory review must be verified by the settlement officer to comply with section 6330(c)(1) and (3)(A). In effect, petitioner expects verification will require a factual analysis of the thought process of the supervisor and a determination that the thought process was "meaningful".

Verification

Section 6330(c)(2)(B) permits a taxpayer to raise issues concerning the merits of the underlying liability if the taxpayer did not have a prior opportunity to challenge the liability. It is undisputed that petitioner had prior opportunities to challenge the liabilities. Petitioner argues, however, that the "verification" requirement regarding section 6751(b) compliance incorporates a showing of a meaningful approval of the merits of the liability. Caselaw applying section 6330(c)(1) has not imposed a substantive review of the procedural steps that have been verified by the settlement officer or of the settlement officer's thought process. Rather the settlement officer's review of the administrative steps taken before assessment of the underlying liabilities has been accepted as adequate to the requirements of section 6330 if there is supporting documentation in the

administrative record.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166-167 (2002); <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87, <u>aff'd</u>, 56 F. App'x 802 (9th Cir. 2003); <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53.  To impose the requirement of a substantive review on the settlement officer would allow the taxpayer to avoid the limitations of pursuing the underlying liability in a review under section 6330 and apply a level of detail in the verification process that has never been previously required.

The reference to Form 4340, Certificate of Assessment and Payments, to verify assessments in section 6330 cases and other situations is an apt parallel to the issue before us as to Form 4183.  Generally, courts have held that Form 4340 provides presumptive evidence that a tax has been validly assessed under section 6203.  See <u>Huff v. United States</u>, 10 F.3d 1440, 1445 (9th Cir. 1993); <u>Farr v. United States</u>, 990 F.2d 451, 454 (9th Cir. 1993); <u>Geiselman v. United States</u>, 961 F.2d 1, 5-6 (1st Cir. 1992); <u>Rocovich v. United States</u>, 933 F.2d 991, 994 (Fed. Cir. 1991); <u>United States v. Chila</u>, 871 F.2d 1015, 1017-1018 (11th Cir. 1989); <u>United States v. Miller</u>, 318 F.2d 637, 638-639 (7th Cir. 1963).  Form 4340 is "routinely used to prove that tax assessment has in fact been made" and is "presumptive proof of a valid assessment."  <u>Geiselman</u>, 961 F.2d at 6.

We have held with respect to collection due process hearings that it is not an abuse of discretion for the IRS to rely on Form 4340 where the taxpayer has not shown any irregularity in the assessment procedure that would raise a question about the validity of the assessment. Davis v. Commissioner, 115 T.C. 35, 41 (2000). We have also held that an Appeals officer may rely on a computer printout of the taxpayer's transcript of account to verify the taxpayer's tax liability and the assessment of tax. See Howard v. Commissioner, T.C. Memo. 2002-81; Kuglin v. Commissioner, T.C. Memo. 2002-51; Mann v. Commissioner, T.C. Memo. 2002-48; Wylie v. Commissioner, T.C. Memo. 2001-65.

The IRS uses Form 4340 to provide evidence of an assessment when a taxpayer requests a copy of his assessment record. An assessment requires a signature; an assessment is made by an assessment officer's signing the summary record of assessments. Sec. 301.6203-1, Proced. & Admin. Regs. The assessment does not require the assessment officer's signature on Form 4340. See Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001). Form 4340 provides the details of the assessments, including the relevant date that the summary record of assessment was signed by the assessment officer. The summary record of assessment may be made either on Form 23C, Assessment Certificate--Summary Record of Assessments, or on its computer-generated equivalent, the Revenue Accounting

Control System (RACS) Report 006, which is generated on the computer and then signed.  See Roberts v. Commissioner, 118 T.C. 365, 370-371 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003).  Form 4340 creates a presumption that a Summary Record of Assessment, whether on Form 23C or RACS Report 006 (both of which require the assessment officer's signature), was validly executed and certified. March v. United States, 335 F.3d 1186, 1188 (10th Cir. 2003).

Similar to the arguments addressed regarding Forms 4340, petitioner asserts that the Form 4183 does not have an actual signature.  This is true; however, the form does show Ms. Reed as the party who approved the TFRP as the revenue officer's supervisor.  A finding of fact that Ms. Reed signed the Form 4183 might be based upon rule 803(6) of the Federal Rule of Evidence, but in the context of an abuse of discretion determination the mere existence of the form in the administrative record supports the settlement officer's verification.

Because petitioner's liabilities are not in dispute, the only question before us is whether the settlement officer abused discretion in upholding the TFRP assessment under section 6330(c)(1) and (3)(A).  We review the verification requirement for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610

(2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).[4] We have consistently upheld a settlement officer's verification of assessments when the administrative record reflects compliance with administrative procedures. The actual documents generally are the Commissioner's records such as Form 4330. Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992); Chila, 871 F.2d at 1017-1018. Our caselaw acknowledges that reliance upon standard administrative records is acceptable to verify assessments. Nestor v. Commissioner, 118 T.C. at 166; Davis v. Commissioner, 115 T.C. at 41. Here the Form 4183 provides a similar mechanism to demonstrate supervisory approval. Accordingly, regardless of whether supervisory approval was required before the TFRP assessment, a record of such prior approval was present in this case.

At the hearing on this motion petitioner conceded there were no other issues regarding the determination by the settlement officer. Accordingly, our determination to grant respondent's motion permits a decision to sustain the proposed collection action.

---

[4]Petitioner has not argued that respondent has the burden of production under sec. 7491(c) in a case applying the abuse of discretion standard and we do not find sec. 7491(c) to be applicable.

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.